Plaintiff, owner of a lot of ground which defendants were occupying as lessees, filed this suit seeking possession of the leased premises on the ground that the lease covering same had expired.
The answer admitted the execution of the lease, but set forth that the leased premises were not the property of plaintiff and prayed that the Court order a survey to be made for the purpose of determining whether plaintiff was owner of the property in question.
Defendants have prosecuted an appeal from a judgment of the District Court ordering them to vacate the premises.
This suit was filed on May 26, 1948. The record shows that plaintiff had been owner of the property since 1917 and that he took possession as soon as it was purchased; that in 1938 he gave a lease which expired on March 20, 1948, and that defendants went into possession of the premises by virtue of a sub-lease under this lease.
Defendants introduced some oral testimony that the leased lot was not located on the property deeded to plaintiff in 1917, but instead was located on an adjacent forty acres, belonging to the Bodcau Lumber Company. However, no deed was presented establishing the lumber company's title to the adjacent property. On the contrary, the testimony showing that plaintiff had been in actual possession of the property and had had same under fence since 1917.
For the purpose of deciding this case, we are not concerned as to whether the leased lot was located on the land deeded to plaintiff in 1917 or on an adjacent tract. Defendants as lessees cannot question the title of their lessor. The original lease under which defendants held the property as sub-lessees having expired, the judgment of the District Court ordering that plaintiff be put into possession of the property leased from him was correct and same is affirmed, with costs.